

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

February 18, 1959

Hon. Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. WW- 554

Re: Whether or not shut-in
gas royalty payments
are taxable under the
provisions of Article
7047b, V.C.S.

Dear Mr. Calvert:

Your letter of December 11, 1958, requesting an opinion upon the above-captioned matter, reads, in part, as follows:

"In making audits of several of the gas production accounts it has been noted that in a number of instances the producers make shut-in royalty pay-ments to various of the interest holders. A question has arisen as to whether or not such payments are subject to the gas production tax, in view of the fact that the payments might be considered as a bonus or premium for gas that has been or which will, in the future, be produced from the lease."

Article 7047b does not specifically purport to cover this situation. Therefore, we must attempt to discern the "legislative intent" without thereby adding to the statute.

This is a severance tax. It contemplates production of gas. /Sec. 1 (1)7. The tax base is either (1) market value of gas at the mouth of the well or (2) gross cash receipts. /Sec. 1 (2)7.

It is certainly true that royalty interest owners are herein included in the taxed group. /Sec. 1 (8)7. It is also true that royalty owners are here receiving cash payments --shut-in royalties. However, these payments do not result from the production and sale of gas. They do not originate from purchasers, but rather from the lessee-producers. They are to compensate the royalty interest holders for lost production payments during periods when no production occurs. (Union Oil Company of California v. L. B. Ogden, et al, Tex. Civ.App. (1955), 278 S.W. 2d 246).

This is equally true whether a well be "shut-in" immediately upon completion or after some production has occurred.

The statute measures tax compensation to the state by gas "produced and saved." As there is no severance occurring during these shut-in periods, the original potential production remains intact, and the full contemplated tax may still be imposed when gas is produced.

In view of the above reasoning, therefore, we believe that shut-in gas royalty payments are outside the intended scope of this tax statute.

SUMMARY

Shut-in gas royalty payments are not taxable under the provisions of Article 7047b, V.C.S.

Yours very truly,

WILL WILSON
Attorney General of Texas

By _____
JAMES R. IRION
Assistant Attorney General

APPROVED:

OPINION COMMITTEE:

Geo. P. Blackburn, Chairman

Milton Richardson

Tom Burrus

Joe Rollins

REVIEWED FOR THE ATTORNEY GENERAL

By   W. V. Geppert
       W. V. Geppert